IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR DESOTO COUNTY, FLORIDA
CIVIL DIVISION

**CLOCKWORK PH3, LLC D/B/A ARCADIA
COVE APARTMENTS,**

    Plaintiff,                                        Case No.

vs.

**CLEAR BLUE SPECIALTY
INSURANCE COMPANY,**

    Defendant.
_____/

## COMPLAINT FOR BREACH OF CONTRACT AND DEMAND FOR JURY TRIAL AND INCORPORTED MOTION TO COMPEL APPRAISAL

**COMES NOW** the Plaintiff, CLOCKWORK PH3, LLC D/B/A ARCADIA COVE APARTMENTS ("CLOCKWORK PH3"), by and through its undersigned counsel, and hereby files its Complaint for Breach of Contract and Demand for Jury Trial and Incorporated Motion to Compel Appraisal, against the Defendant, CLEAR BLUE SPECIALTY INSURANCE COMPANY ("CLEAR BLUE"), and as grounds therefore, states as follows:

## GENERAL ALLEGATIONS

    1.    The amount in controversy in this action exceeds the sum of Fifty Thousand and 01/100 ($50,000.01) Dollars, exclusive of pre-judgment interest, court costs and attorney's fees.

    2.    At all times material hereto, CLOCKWORK PH3 operates as an *apartment community* consisting of fourteen (14) individual apartment units with its principal address being in Desoto County, at 709 N. 17th Avenue, Arcadia, FL 34266. CLOCKWORK PH3 submits itself to the jurisdiction of this Court.

1

3. Upon information and belief, at all times relevant hereto, CLEAR BLUE was and is a Florida Limited Liability Company doing business in the State of Florida, including Desoto County.

4. Upon information and belief, CLEAR BLUE is an authorized insurance carrier by the State of Florida authorized to engage in the business of insurance with the Plaintiff.

5. CLEAR BLUE, while engaging in the business of insurance in the State of Florida, is required to follow and/or comply with all Florida Insurance Code Statutes and regulations promulgated by the legislature and the Florida Department of Financial Services.

6. In consideration of the premium paid to it by CLOCKWORK PH3, CLEAR BLUE provided to CLOCKWORK PH3 in Desoto County, Florida, a Commercial Insurance Policy, Policy No. AL92-000640-00 ("the Policy"), which was in full force and effect (effective policy period) at the time the damage occurred on or about September 28, 2022, as a result of a CAT 5 Hurricane Ian and/or hurricane force winds, and ensuing damages to CLOCKWORK PH3'S property. CLOCKWORK PH3 has attached hereto the Policy as Exhibit "A."

7. Damages from Hurricane Ian and/or hurricane force winds, and ensuing damages as a direct result thereof, are covered damages under the Policy.

8. CLOCKWORK PH3 timely notified CLEAR BLUE of the damages and opened a claim pursuant to the terms and conditions of the Policy.

9. In response to CLOCKWORK PH3'S claim, CLEAR BLUE assigned a claims adjuster to evaluate the claim who conducted a cursory and inadequate investigation of the damaged properties.

10. On or about January 8, 2023, CLEAR BLUE estimated the undisputed owed insurance benefits at $220,267 Replacement Cash Value (RCV) and $213,962.96 Actual Cash Value (ACV), but has refused to tender any undisputed insurance benefits as of the date filing this Complaint.

11. CLOCKWORK PH3 needed to have the repairs completed as soon as possible, to put the insured property back into a pre-loss condition. CLEAR BLUE knew of, or should have known, that it was imperative for CLOCKWORK PH3 to timely complete the repairs.

12. Concerned that CLEAR BLUE was not thoroughly investigating and completely estimating the damages, CLOCKWORK PH3 retained the services of an insurance claim professional to assist in submitting its claim to CLEAR BLUE which would adequately detail all the damages sustained as a result of the loss.

13. CLEAR BLUE is contractually and statutorily required timely tender owed insurance benefits.

14. As a result of CLEAR BLUE'S failure to cooperate with CLOCKWORK PH3 in the adjustment of the loss, CLOCKWORK PH3 was required to adjust the loss by itself.

15. CLOCKWORK PH3 has provided CLEAR BLUE with all requested documents and information needed for CLEAR BLUE to tender owed insurance benefits.

16. CLOCKWORK PH3 has provided CLEAR BLUE access to the insured properties for inspection so that CLEAR BLUE may be able to tender owed insurance benefits.

17. CLOCKWORK PH3 has cooperated with all reasonable and relevant requests made by CLEAR BLUE in its investigation of the loss.

18. CLEAR BLUE'S denial was a material breach of the Policy. A material breach by one party excuses the other party from further performance under the contract. Insurance contracts follow this general principle from the maxim that "the law does not compel a man to do a useless act." In the context of insurance contracts, a coverage denial waives an insured's duty to comply with contract conditions precedent such as submission to execution of repair contracts, submit to examinations, satisfaction of proof of loss requirements, loss payment provisions, notice, and other contract requirements.

19. Where a contract vests a party with discretion, but provides no standards for exercising discretion, Florida law requires that the party exercise that discretion in a reasonable manner.

20. On April 10, 2023, prior to the filing of this action, CLOCKWORK PH3 complied with Fla. Stat. §627.70152(3).[1]

## COUNT I
## (BREACH OF CONTRACT)

21. CLOCKWORK PH3 re-alleges Paragraph No.'s 1-20 outlined above as if fully set forth herein.

---

[1] CLOCKWORK PH3 asserts that the requirements of Fla. Stat. §627.70152(3) are not applicable as the subject claim occurred during the policy period preceding July 1, 2021. In an abundance of caution however, CLOCKWORK PH3 has complied with Fla. Stat. §627.70152(3) prior to the filing of this action by filing its Property Insurance Intent to Initiate Litigation Notice with the Florida Department of Financial Services.

4

22. This is an action for damages for a breach of an insurance contract against CLEAR BLUE of an insurance policy that was in effect at the time of the loss as a result of Hurricane Ian and/or hurricane force winds, and ensuing damages.

23. On or about September 28, 2022, CLOCKWORK PH3'S insured property sustained damage as a result of Hurricane Ian and/or hurricane force winds.

24. In response, CLEAR BLUE sent and/or assigned insurance adjusters and/or representatives to investigate and provide a coverage opinion, and evaluate the extent and nature of the claimed damages.

25. CLOCKWORK PH3 suffered a loss regarding its insured property and continues to suffer the loss.

26. CLEAR BLUE'S obligation to tender owed insurance benefits is continuing in nature. A party's ongoing nonperformance constitutes a continuing breach while the contract remains in effect.

27. CLEAR BLUE'S breach is a continuing breach of the Policy.

28. CLEAR BLUE has failed and/or refused to tender all owed insurance proceeds, undisputed or otherwise, to CLOCKWORK PH3 that are due and owing to CLOCKWORK PH3.

29. CLOCKWORK PH3, as a direct result of Hurricane Ian and/or hurricane force winds loss, and ensuing damages, has suffered damage to its insured property.

30. CLOCKWORK PH3 has requested that CLEAR BLUE pay its damages; CLEAR BLUE has failed and/or refused, and continues to refuse to pay the full damages despite knowing it is required to do so.

31. CLOCKWORK PH3 has done and performed all those matters and things properly required of CLOCKWORK PH3 under the insurance policy, or alternatively, has been excused from performance of the acts, representations, omissions, and/or conduct of CLEAR BLUE.

32. Notwithstanding the foregoing, CLEAR BLUE has failed and/or refused to provide full coverage under the Policy for the damages to CLOCKWORK PH3'S insured property and CLEAR BLUE has failed to promptly pay all the amounts due and has thereby breached its contract of insurance.

33. As a direct result of CLEAR BLUE'S breach of its insurance contract, CLOCKWORK PH3 has lost benefits of its insured property and continues to suffer the loss.

34. As a direct result of CLEAR BLUE'S breach of its insurance contract, CLOCKWORK PH3 was required to become obligated for attorney's fees and costs in connection with the prosecution of this action, and Florida Statute §627.428 provides for the payment of attorney's fees in the event of such need.

35. **WHEREFORE,** the Plaintiff, CLOCKWORK PH3, LLC D/B/A ARCADIA COVE APARTMENTS, prays this Court enter an award of compensatory damages, pre-judgment interest, post judgment interest, costs of this action, attorney fees; and such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

CLOCKWORK PH3 hereby requests a trial by jury on all issues so triable.

## INCORPORATED MOTION TO COMPEL APPRAISAL

36. Plaintiff re-alleges all allegations contained in paragraphs 1 through 35, as if fully stated herein and further allege the following:

37. CLEAR BLUE has acknowledged coverage.

38. Only the "amount of the loss" is in dispute.

39. The issued Policy of insurance allows either party, upon dispute of damages, to demand appraisal for the determination of such damages pursuant to the Policy's Appraisal Provision, which states:

> **2. Appraisal**
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> **a.** Pay its chosen appraiser; and
> **b.** Bear the other expenses of the appraisal and umpire equally.

(See attached Exhibit "A," form no. CP 00 10 10 12, pg. 10 of 16).

40. CLEAR BLUE has failed to demand appraisal as permitted under the subject insurance Policy.

41. CLOCKWORK PH3 requests this Court to Compel CLEAR BLUE to name its appraiser and proceed to appraisal to resolve this claim.

42. To date, Defendant has refused to pay for the amounts due and owing in breach of the Policy.

43. In *Johnson v. Nationwide Mut. Ins. Co.*, 828 So.2d 1021, 1025 (Fla. 2002), the Florida Supreme Court held:

> Very simply, the *Licea* [*State Farm v. Licea*, 685 So.2d 1285 (Fla. 1996) court was saying that when the insurer admits that there is a covered loss, but there is a disagreement on the amount of loss, it is for the appraisers to arrive at the amount to be paid. In that circumstance, the appraisers are to inspect the property and sort out how much is to be paid on account of a covered peril. In doing so, they are to exclude payment for a cause not covered such as normal wear and tear, dry rot, or various other designated, excluded causes.
>
> Thus, in the *Licea* situation, if the homeowner's insurance policy provides coverage for windstorm damage to the roof, but does not provide coverage for dry rot, the appraisers are to inspect the roof and arrive at a fair value for the windstorm damage, while excluding payment for the repairs required by preexisting dry rot.

*Id.* 1025 (emphasis added).

It is axiomatic that the appraisal clause at issue in this matter is valid and enforceable: "Because the insurance contract provided the appraisal process, which agreement is not in doubt, and FIGA did not waive its right to an appraisal by participating in the lawsuit, the trial court erred in denying FIGA'S motion to compel the appraisal." *Fla. Ins. Guar. Ass. v. Castilla*, 18 So.3d 703, 705 9Fla. 4th DCA 2009). "Motions to compel arbitration should be granted whenever the parties have agreed to arbitration and the court entertains no doubts that such an agreement was made. For these reasons we reverse the order denying the motion to compel appraisal, and remand for entry of an order compelling appraisal." *Preferred Mut Ins. Co. v. Martinez*, 643 So. 2d 1101, 1003 (Fla. 3d DCA 1994) (citations omitted). "Accordingly, because the insurance contract provided for appraisal, the insurer's demand for such was not untimely, and the insurer did not waive its right to appraisal, the trial court erred in partially denying the motion to compel appraisal." *Am. Capital Assur. Corp. v. Courtney Meadows Apt., L.L.P.*, 36 So. 3d 704, 707 (Fla. 1st DCA 2010).

44. CLOCKWORK PH3 names its appraiser as Jeffery Pellet.

**WHEREFORE**, Plaintiff, CLOCKWORK PH3, requests this Court:

A. GRANT Plaintiff's motion to compel Appraisal;

  B. Enter an ORDER requiring the Appraisal to be completed in one-hundred twenty (120) days or less;

  C. Enter an ORDER requiring the Parties to appoint their respective appraisers and notify the opposing party of the name, and contact information of the appraiser within 10 days from the date of this Court's Order; and

  D. GRANT any and all other relief that the Court deems just and proper.

Respectfully submitted on **May 1, 2023**.

            */s/ David J. Pettinato*
            **DAVID J. PETTINATO, ESQUIRE**
            Florida Bar No. 062324
            OLDER LUNDY KOCH & MARTINO
            1000 W. Cass Street
            Tampa, Florida 33606
            Tel.: (813) 254-8998
            Attorneys for Plaintiff
            dpettinato@olderlundylaw.com
            DJP-Eservice@olderlundylaw.com